IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WHITE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-2145-O(BH) |
| | § | |
| CITY OF DALLAS, et al., | § | |
| Defendant. | § | Referred for Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been referred for pretrial management. Before the Court are *Defendant City of Dallas' Motion to Dismiss Plaintiff's State Common-Law Tort Claims Against Defendants Steven Matthew Ulas and Daniel Justitz, and Brief in Support*, filed July 23, 2012 (doc. 13), and *Defendant City of Dallas' Motion For Partial Judgment on the Pleadings Pursuant to Rule 12(c), and Brief in Support*, filed August 1, 2012 (doc. 20). Based on the relevant filings and applicable law, the motions should be **GRANTED**.

## I. BACKGROUND

On July 5, 2012, James White (Plaintiff) sued the City of Dallas (City) and Dallas police officers Steven Ulas and Daniel Justitz (Officers). (*See* doc. 1.) He appears to claim that 1) the City had a pattern and practice of violating of the Fourth and Fourteenth Amendments under 42 U.S.C. § 14141 (*id.* at 3-5); 2) the defendants violated his rights under the Fifth and Fourteenth Amendments, 42 U.S.C. §1983, the Texas Constitution, the Texas Tort Claims Act, and Texas common law (*id.* at 5-7 & ¶ 28); 3) the Officers violated Plaintiff's rights under § 1983 by unlawfully detaining him and using excessive force against him during his arrest (*id.* at 7-8); and 4) the City is liable for the Officers' actions (*id.* at 8-9).

- 1 -

On or about July 5, 2010, Plaintiff was leaving an apartment complex when he was stopped by the Officers. (*Id.* at 2, ¶ 7; doc. 11 at 3.) He got out of his vehicle and ran from the Officers but was ultimately apprehended. (doc. 1 at 2, ¶ 8.) He contends that after the Officers handcuffed him, they beat and tazed him several times, causing him to cough up blood and lose consciousness. (*Id.* at ¶ 9.) He regained consciousness in an ambulance to find a paramedic standing over him with a defibrillator, and he had to spend several days in the hospital's intensive care unit. (*Id.* at ¶¶ 10-11.) He claims that as a result, he experiences severe memory loss, headaches, anxiety attacks, sleeplessness and other physical problems. (*Id,* at ¶¶ 12-13.)

The City moves to dismiss the state tort claims against the Officers (doc. 13), and for partial judgment on the pleadings on all of the federal claims against it (doc. 20).

### III. MOTION TO DISMISS (DOC. 13)

The City moves to dismiss all of Plaintiff's state tort claims against the Officers based on the election of remedies language contained in the Texas Tort Claims Act (TTCA). (*See* doc. 13). Plaintiff did not file a response to this motion.

**A.    Rule 12(b)(6) Standard**[1]

Motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d

---

[1] The City does not identify the procedural basis for its motion to dismiss. Because the City essentially argues that the Plaintiff cannot state a claim against the Officers upon which relief can be granted based on his election of remedies, analysis under Fed. R. Civ. P. 12(b)(6) is appropriate. *See Bustos v. Martini Club Inc.*, 599 F.3d 458 (5th Cir. 2010) (affirming dismissal of similar claim under Rule 12(b)(6)) *; see also Jathanna v. Spring Branch Indep. School Dist.*, H-12-1047, 2012 WL 6096675 (S.D. Tex. Dec. 7, 2012) (dismissing similar claim under Rule 12(b)(6)); *Irons v. City of Dallas,* 3:11-CV-1894-B, 2012 WL 1986533 (N.D. Tex. Apr. 4, 2012)*, recommendation adopted by* 2012 WL 1992113 (N.D. Tex. June 4, 2012) (same); *Powell v. Greenville Indep. School Dist.*, 3:10-CV-545-L, 2010 WL 4038844 (N.D. Tex. Sept. 25, 2010), *recommendation adopted by* 2010 WL 4038846 (N.D. Tex. Oct. 13, 2010) (same).

772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B.     Election of Remedies Under Texas Tort Claims Act**

The TTCA "provides a limited waiver of sovereign and governmental immunity for certain

tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Dorward v. Ramirez*, 2009 WL 2777880, at \*13 (N.D. Tex. Aug. 28, 2009) (citing *Tex. Dep't of Crim. J. v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). "The TTCA's waiver of immunity constitutes the 'only . . . avenue for common-law recovery against the government' on a tort theory." *Id.* (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex.2008)).

Under the election-of-remedies provisions of the TTCA, a plaintiff who sues under the TTCA must elect between suing a governmental unit and suing an employee of that unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106; *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010). If he sues the governmental unit, the suit "constitutes an irrevocable election" by him and "bars any suit or recovery by [him] against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). The TTCA specifically provides that:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall be immediately be dismissed on the filing of a motion by the governmental unit.

*Id.* at § 101.106(e). The election-of-remedies provisions in § 101.106 cover all state tort claims, whether intentional or negligent, and whether brought under common law or the TTCA. *Bustos*, 599 F.3d at 463-64.

Here, Plaintiff alleges claims under the TTCA and state common law against both the City and two of its employees regarding the same subject matter. By suing the City, he has made an irrevocable election of remedies and is barred from suing the Officers regarding the same subject matter. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). The City has now moved to dismiss the state law tort claims against the Officers, so these claims must be dismissed immediately. *See id.* § 101.106(e). Plaintiff has failed to state a claim upon which relief may be granted against the

Officers under the TTCA and state common law, and the City's motion to dismiss these claims against them should be granted.

## IV. MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. 20)

The City moves for partial judgment on the pleadings under Rule 12(c) on all of Plaintiff's federal claims against it. (*See* doc. 20 at 1.)

### A. Rule 12(c) Standard

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

### B. 42 U.S.C. § 1983

The City first moves for judgment on the pleadings with respect to all of Plaintiff's § 1983 claims against it. (*See* doc. 20 at 4.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**1.     Respondeat Superior**

The City first moves for judgment with respect to Plaintiff's § 1983 claim against it for the Officer's conduct under the theory of respondeat superior (*see* doc. 1 at 8-9). (*See* doc. 20 at 4-5.)

"It is well established that a city is not liable under § 1983 on the theory of respondeat superior." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)), *cert. denied*, 131 S. Ct. 2094 (2011)); *see also* 42 U.S.C. § 1983*; Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Rather, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The City is therefore entitled to judgment on Plaintiff's § 1983 claims against it under this theory.

**2.     *Monell* Liability**

The City contends that Plaintiff has failed to plead facts that would support a finding of municipal liability against it. (*See* doc. 20 at 5.)

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). The plaintiff must show an "underlying claim of a violation of rights" as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). "Official policy" is defined as:

1.   A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2.   A persistent, widespread practice of city officials or employees, which,

> although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). For a facially constitutional policy, the plaintiff must demonstrate that the policy was promulgated with deliberate indifference to known or obvious unconstitutional consequences. *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001); *accord Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 849-50 (5th Cir. 2009) (discussing failures to train or supervise officers), *cert. den.* 131 S. Ct. 66 (2010).

Here, Plaintiff alleges that pursuant to an official policy or custom, the City has "failed to instruct, supervise, control, and discipline" police officers to refrain from harassing citizens, falsely imprisoning citizens, conspiring to violate Plaintiff's constitutional rights, and otherwise depriving Plaintiff of his rights. (doc. 1 at 6 ¶ 29). He also claims that the City either had knowledge, or should have had knowledge based on the duty to train, supervise, control, and discipline officers, that the alleged wrongs against him "were about to be committed" and failed to prevent it, and that the City either directly or indirectly approved or ratified the conduct of the officers. (*Id*. at ¶¶ 30-32). Plaintiff relies only on the July 5, 2010 incident as support for his allegation of a policy or custom. A single incident does not show a policy or custom, however. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009). Nor is one incident sufficient to support an inference of a policy based on a customary practice. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985); *see also Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984) ("Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy

as required for municipal section 1983 liability.").

Citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), Plaintiff argues that he is not required to plead more than a single instance of misconduct in order to properly plead an official policy or custom, and that requiring him to do so creates a heightened pleading standard for municipal liability under § 1983 beyond what is required under Fed. R. Civ. P. 8(a). (*See* doc. 35, p. 3). In *Twombly* and *Iqbal*, the Supreme Court clarified that the pleading requirement for facts rather than conclusions lies within Rule 8(a), not any heightened pleading standard. The difference between the Rule 8(a) pleading standard and an impermissible heightened pleading standard is in the factual particularity or specificity needed to state a claim. *See Twombly*, 550 U.S. at 569 n.14. A heightened pleading standard requires that a plaintiff "allege 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Id.* at 570 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002)). The *Twombly* court did not find that "the allegations in the complaint were insufficiently "particular[ized]"; rather, the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible". *Id.* at 559 n. 14. Requiring Plaintiff to allege facts sufficient to infer the existence of an official custom or policy does not impose an impermissible heightened pleading requirement.

Following *Twombly* and *Iqbal*, plaintiffs have the burden to allege facts that show entitlement to relief. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 213 (5th Cir. 2009). Plaintiff has provided no more than labels and conclusions in support of his assertion that the City has a policy or custom of failing to train and discipline officers or, based on a custom or policy, directly or indirectly approved unconstitutional actions by the officers or failed to prevent such actions. Such a recitation without an allegation of supporting facts is insufficient to permit an inference of an official custom or policy that resulted in Plaintiff's injuries. *Twombly*, 550 U.S. at 555; *see also McClure v. Biesenbach*, 355

F. App'x 800, 803-04 (5th Cir. 2009) (finding that plaintiffs must plead facts showing that a policy or custom existed to state a claim and affirming dismissal of municipal liability claims because the complaint alleged insufficient facts).

This conclusion is supported by *Davenport v. City of Garland, Tex.*, No. 3:09-CV-798-B, 2010 WL 1779620, at *2-3 (N.D. Tex. Apr. 9, 2010) (recommending granting motion to dismiss), *accepted by* 2010 WL 1779619 (N.D. Tex. Apr. 30, 2010) (Boyle, J.). Davenport alleged that "the use of excessive force . . . is so common and well known . . . that it constitutes a custom that fairly represents official policy." *See* 2010 WL 1779620 at *2. The Court found that these "conclusions, unsupported by facts, are not entitled to the presumption of truth." *Id.* It further found that alleged failures to train or discipline officers were not supported by facts and were therefore mere conclusions not entitled to the presumption of truth. *Id.* at *3. Because Davenport failed to plead facts that "show similar incidents of excessive force," knowledge or approval by a policymaker of a pattern or practice of excessive force, or a failure to train officers by a final policymaker, he failed to state a plausible claim of municipal liability. *Id.*; *see also Knight v. City of Balch Springs,* 3:11-CV-1122-B, 2011 WL 3519938, at *4 n. 4 (N.D. Tex. Jul 25, 2011) (collecting cases from other jurisdictions), *recommendation adopted by* 2011 WL 3510877 (N.D. Tex. Aug. 10, 2011).

Because Plaintiff has failed to allege facts that show similar incidents of excessive force, false imprisonment, or conspiracy to violate constitutional rights, and has failed to allege sufficient facts to infer that the City has failed to train officers by a final policymaker or tolerated the use of excessive force, false imprisonment, or conspiracy by its police officers, he has failed to state a plausible § 1983 claim under *Monell* against it. *See Cox*, 430 F.3d at 748.[2]

---

[2] The City also contends that Plaintiff failed to sufficiently identify the policy-maker or that the City's custom was a "moving force" and actual cause of his damages. (*See* doc. 20 at 8-9, 11.) Because Plaintiff's *Monell* claim fails for failure to plead a custom, it is unnecessary to address these arguments.

## C. 42 U.S.C. § 14141

The City moves for judgment on the pleadings under Rule 12(c) on Plaintiff's claim that the City had a pattern and practice of violating the Fourth and Fourteenth Amendment under 42 U.S.C. § 14141, (*see* doc. 1 at 3-5), in conjunction with (and for the same reasons as) his § 1983 claims. (*See* doc. 20 at 7.) To the extent that Plaintiff seeks to bring this claim solely under § 14141, he fails to state a claim upon which relief may be granted.[3]

Section 14141 provides:

> (a) Unlawful conduct
>
> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.
>
> (b) Civil action by Attorney General
>
> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

Although neither the Supreme Court nor the Fifth Circuit has considered this issue, courts in this circuit and elsewhere have found that § 14141 does not create a private cause of action, but rather,

---

[3] To the extent that the City has not moved for judgment on the pleadings on this claim, the Court should *sua sponte* dismiss it for failure to state a claim. Under the applicable Rule 12(b)(6) standard, courts may *sua sponte* dismiss claims for failure to state a claim as long as the plaintiff has notice of the Court's intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides the plaintiff with notice and an opportunity to respond. *See Fantroy v. First Financial Bank, N.A.*, No. 3:12-CV-82-N, 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012), *recommendation adopted by* 2012 WL 6764551 (N.D. Tex. Jan. 4, 2013).

only allows the Attorney General to bring a civil action to eliminate the pattern or practice. *See Knight*, 2011 WL 3519938, at *2 (collecting cases). The City is also entitled to judgment on any independent pattern and practice claim under this statute.

**D.     Fifth and Fourteenth Amendments**

The City also moves for judgment on the pleadings with regard to Plaintiff's Fifth and Fourteenth Amendment claims against it. Plaintiff asserts generally that the defendants deprived him of his right to equal protection in violation of the Fifth and Fourteenth Amendments, and that their actions violated his right under the due process clause of the Fourteenth Amendment. (doc. 1 at 5 ¶ 28, 7 ¶ 32). He did not respond the City's motion for judgment on these claims. (*See* doc. 35.)

The Supreme Court and the Fifth Circuit have held that claims of wrongful seizure, including a challenge to the constitutionality of an arrest, are analyzed under the Fourth Amendment's reasonableness standard rather than the due process clauses of the Fifth and Fourteenth Amendments. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1007 (5th Cir. 2003). In addition, a Fifth Amendment due process claim is appropriate only where a plaintiff is claiming that either the United States or a federal actor violated his constitutional claims. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *Morin v. Caine*, 77 F.3d 116, 120 (5th Cir. 1996). Here, Plaintiff does not allege that the Officers are federal actors for purposes of his Fifth Amendment Claim.

Plaintiff has failed to allege a Fifth or Fourteenth Amendment claim against the City upon which relief may be granted, the City's motion for judgment on the pleadings with respect to these claims should be granted.

**V.  RECOMMENDATION**

The motion to dismiss and motion for partial judgment on the pleadings should be

**GRANTED**. Plaintiff's tort claims under the TTCA and state common law against the Officers, and all federal claims against the City should be dismissed.

**SO RECOMMENDED on this 8th day of February, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE