IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WHITE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-2145-O(BH) |
| | § | |
| CITY OF DALLAS, et al., | § | |
|     Defendant. | § | Referred for Pretrial Management |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management. Before the Court are *Defendant Steven Ulas's Motion for Partial Summary Judgment on Qualified Immunity* (doc. 29), and *Defendant Daniel Justitz's Motion for Partial Summary Judgment on Qualified Immunity* (doc. 32), both filed August 30, 2012. Based on the relevant filings and applicable law, the motions should be **GRANTED**.

### I. BACKGROUND

On July 5, 2012, James White (Plaintiff) sued the City of Dallas (City) and Dallas police officers Steven Ulas and Daniel Justitz (Officers). (*See* doc. 1.) He appears to claim that: 1) the City had a pattern and practice of violating of the Fourth and Fourteenth Amendments under 42 U.S.C. § 14141 (*id.* at 3-5); 2) the defendants violated his rights under the Fifth and Fourteenth Amendments, 42 U.S.C. §1983, the Texas Constitution, the Texas Tort Claims Act, and Texas common law (*id.* at 5-7 & ¶ 28); 3) the Officers violated Plaintiff's rights under § 1983 by unlawfully detaining him and using excessive force against him during his arrest (*id.* at 7-8); and 4) the City is liable for the Officers' actions (*id.* at 8-9). Dismissal of all of Plaintiff's federal claims against the City and all of his state tort claims against the Officers has been recommended. (*See* doc. 37).

According to Plaintiff's verified complaint, Plaintiff was leaving an apartment complex when he was stopped by the Officers on or about July 5, 2010. (doc. 1 at 2, ¶ 7; doc. 11 at 3.) He got out of his vehicle and ran from the Officers but was ultimately apprehended. (doc. 1 at 2, ¶ 8.) He contends that after the Officers handcuffed him, they beat and tazed him several times, causing him to cough up blood and lose consciousness. (*Id.* at ¶ 9.) He regained consciousness in an ambulance to find a paramedic standing over him with a defibrillator, and he had to spend several days in the hospital's intensive care unit. (*Id.* at ¶¶ 10-11.) As a result, he experiences severe memory loss, headaches, anxiety attacks, sleeplessness and other physical problems. (*Id,* at ¶¶ 12-13.)

According to the Officers' sworn affidavits, they were on uniform patrol at about 5:00 a.m. on July 5, 2010, when they separately responded to a 9-1-1 call at an apartment complex in Dallas. According to the radio dispatch, a female had called 9-1-1 call and reported that Plaintiff had assaulted her. (*See* docs. 31-1.)[1] As Ulas drove into the parking area, the radio dispatch identified the suspect as African-American, described what he was wearing, and stated that he was driving a white Infiniti sedan and was known to carry a weapon. (*Id.* at 1-3.) When Ulas saw a white Infiniti, he made a traffic stop based on the dispatcher's description. (*Id.*) The two males in the car ran away despite his orders to stay in the car and to stop, and he began chasing the driver, who matched the description of the suspect by the radio dispatcher. (*Id.*)

Justitz avers that after he heard Ulas say on the radio that he had attempted a traffic stop and was now chasing one of the occupants of the vehicle, Justitz also began chasing this suspect, yelling "stop, police" at him several times. (*Id.* at 4-6). Both Officers aver that after they caught up to the suspect and engaged in a lengthy struggle, they placed him into custody and confirmed that he was

---

[1] Because both Officer's supporting appendices are identical, citations are only to the first-filed appendix. (*Compare* docs. 31, 34.)

Plaintiff. (*Id.* at 1-6.) They then confirmed that he had an active warrant and arrested him pursuant to this arrest warrant as well as for the alleged assault, his actions in evading arrest or detention, his behavior, his admission to having recently taken PCP, and public intoxication. (*Id*.)

The Officers now separately move for partial summary judgment, alleging that they are entitled to qualified immunity on any Fourth Amendment seizure and false arrest claims against them. (*See* docs. 29, 32). Plaintiff did not file a response to the motions for summary judgment.

## II. QUALIFIED IMMUNITY

The Officers contend that they are entitled to qualified immunity on Plaintiff's claims that they unlawfully, maliciously and falsely imprisoned, and arrested him without probable cause in violation of his Fourth Amendment rights (doc. 1 at 6, 7). (*See* docs. 29, 32.)

A governmental employee who is sued under § 1983 may assert the affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved as early as possible in the litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-prong inquiry. Under the first prong, court consider whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Under the second

3

prong, courts determine whether the violated constitutional right was clearly established within the specific context of the case. *Id.* at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. It is within the discretion of the court to decide which of the two prongs to address first in light of the circumstances particular to each case. *Pearson*, 129 S. Ct. at 818; *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). If the court answers both the constitutional violation and clearly established questions in the affirmative, the officer is not entitled to qualified immunity. *Lytle*, 560 F.3d at 410.

A.  **Summary Judgment Standard for Qualified Immunity Cases**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In the context of § 1983 litigation, governmental employees asserting the defense of qualified immunity in a motion for summary judgment need only assert the defense in good faith. *See Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008); *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007). They have no burden to put forth evidence. *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 633-34 (5th Cir. 2000). The burden then shifts to the non-movant to show that the defense does not apply. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181,

4

194 (5th Cir. 2009); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). The non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324; *see also RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Although courts view the evidence in a light most favorable to the non-movant, *Anderson*, 477 U.S. at 255, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'", *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

Here, the defendants have carried their summary judgment burden by asserting their qualified immunity defense. *See Gates*, 537 F.3d at 419. The burden now shifts to Plaintiff to produce evidence showing that the defendants violated his constitutional rights and that the violation was objectively unreasonable under clearly established law at the time of the violation. *See Zarnow v. City of Wichita Falls*, 500 F.3d 401, 407-08 (5th Cir. 2007).

**B.** **Unlawful Seizure/False Arrest**

The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. Generally, a search or seizure without probable cause or warrant is a violation of the Fourth Amendment. *See United States v. Jones*, 234 F.3d 234, 239 (5th Cir.2000); *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir.1994) ("The right to be free from arrest without probable cause is a clearly established constitutional right."). "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir.1984) (*citing Rodriguez v. Ritchey*, 556 F.2d 1185, 1191 (5th Cir.1977) (en banc)).

5

Where there is no facially valid warrant, probable cause to arrest exists when there is a fair probability that an offense occurred. *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir.2000). This occurs where the totality of the facts and circumstances within an officer's knowledge at the time of the arrest were sufficient for a reasonable person to conclude that a suspect had committed or was committing an offense. *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008), *citing United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006). A fair probability that an offense is being committed or was committed requires more than a bare suspicion, but less than a preponderance of the evidence. *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001). A mistake made as to probable cause, so long as it is reasonably made, justifies qualified immunity. *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005).

Although the Officers met their burden simply by asserting the qualified immunity defense, they have also submitted sworn affidavits stating that they had been provided information that Plaintiff had assaulted a woman. (*See* doc. 31-1.) This information included Plaintiff's name and physical description, including what he was wearing at the time of the assault and the type of car he was driving. (*Id.*) Based on this information, Ulas attempted to conduct an investigative traffic stop in a police vehicle. (*Id.* at 1-3.) Plaintiff fled while the officers yelled at him to stop. (*Id.* at 1-6.) Under Texas law, a person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. TEX. PENAL CODE ANN. § 38.04 (West 1987).[2] In addition, after Plaintiff was placed into custody, he acknowledged that he had consumed an illegal drug an hour earlier. Under Texas law, a person commits the offense of public intoxication

---

[2] Plaintiff did not respond to the Officers' summary judgment motions. Nor does his sworn complaint allege any facts contradicting their sworn statements concerning the information in their possession at the time of his arrest or Plaintiff's statements at the time of his arrest. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (sworn complaint may serve as competent summary judgment evidence "to the extent that it comports with the requirements of Fed. R. Civ. P. 56(e)").

if he appears in a public place while intoxicated to the degree that he may endanger himself or others. TEX. PENAL CODE ANN. § 49.02(a) (West 1997).

Even without the active arrest warrant for Plaintiff that the Officers aver existed, the Officers have provided evidence demonstrating a fair probability to believe that an offense was being committed based on the totality of the circumstances. The information about an assault committed by Plaintiff, his evasion of detention by uniformed officers driving marked police cars, the physical signs of intoxication, and his admission that he had consumed an illegal drug, provided the Officers probable cause to arrest him for assault, evading detention, or public intoxication. *See Vasquez v. Chacon*, 2009 WL 2169017 (N.D. Tex. July 20, 2009) (granting summary judgment on the basis of qualified immunity where the plaintiff admitted that she had been drinking alcohol and she also had bloodshot eyes, slurred speech, and an agitated and excited demeanor).

Plaintiff has not met his burden to produce sufficient evidence that the Officers violated his Fourth Amendment right to be free from an unlawful seizure or arrest without probable cause to support a resolution of the factual issue in his favor. *See Anderson*, 477 U.S. at 249. No genuine issue exists as to any material fact regarding any claim of unlawful seizure or false arrest, and the Officers are entitled to judgment as a matter of law.

### III. CONCLUSION

*Defendant Steven Ulas's Motion for Partial Summary Judgment on Qualified Immunity* and *Defendant Daniel Justitz's Motion for Partial Summary Judgment on Qualified Immunity* ("MSJ"), both filed August 30, 2012 (docs. 29, 32), should be **GRANTED**. Any Fourth Amendment seizure and false arrest claims against them should be dismissed.

SO RECOMMENDED on this 13th day of February, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE