IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WHITE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-2145-O(BH) |
| | § | |
| CITY OF DALLAS, et al., | § | |
| Defendant. | § | Referred for Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been referred for pretrial management. Before the Court are *Defendant City of Dallas' Motion to Dismiss Plaintiff's State Common-Law Tort Claims, and Brief in Support*, filed March 12, 2013 (doc. 46). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

On July 5, 2012, James White (Plaintiff) sued the City of Dallas (City) and Dallas police officers Steven Ulas and Daniel Justitz (Officers), alleging that: 1) the City had a pattern and practice of violating of the Fourth and Fourteenth Amendments under 42 U.S.C. § 14141 (*id.* at 3-5); 2) the defendants violated his rights under the Fifth and Fourteenth Amendments, 42 U.S.C. §1983, the Texas Constitution, the Texas Tort Claims Act, and Texas common law (*id.* at 5-7 & ¶ 28); 3) the Officers violated Plaintiff's rights under § 1983 by unlawfully detaining him and using excessive force against him during his arrest (*id.* at 7-8); and 4) the City is liable for the Officers' actions (*id.* at 8-9).

On or about July 5, 2010, Plaintiff was leaving an apartment complex when he was stopped by the Officers. (doc. 1 at 2, ¶ 7; doc. 11 at 3.) He got out of his vehicle and ran from the Officers

but was ultimately apprehended.  (doc. 1 at 2, ¶ 8.)  He contends that after the Officers handcuffed him, they beat and tazed him several times, causing him to cough up blood and lose consciousness. (*Id.* at ¶ 9.)  He regained consciousness in an ambulance to find a paramedic standing over him with a defibrillator, and he had to spend several days in the hospital's intensive care unit.  (*Id.* at ¶¶ 10-11.)  He claims that as a result, he experiences severe memory loss, headaches, anxiety attacks, sleeplessness and other physical problems.  (*Id,* at ¶¶ 12-13.)

On July 23, 2012, the City moved to dismiss the state tort claims against the Officers (doc. 13), and for partial judgment on the pleadings on all of the federal claims against the City (doc. 20). On August 30, 2012, the Officers moved for summary judgment with respect to Plaintiff's Fourth Amendment claims of seizure and false arrest on the basis of qualified immunity. (docs. 29, 32). Plaintiff's state common law tort claims, Texas Tort Claims Act (TTCA) claims, and any Fourth Amendment unlawful search and false arrest claims against the Officers and all federal claims against the City were dismissed with prejudice on March 6, 2013.  (docs. 44, 45).  Plaintiff's claim that the Officers violated his rights under § 1983 by using excessive force against him during his arrest, and his state tort claims against the City remained pending.

### III.  MOTION TO DISMISS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the City moves to dismiss all of Plaintiff's state tort claims against the City based on sovereign immunity under the TTCA. (*See* doc. 46).  Plaintiff did not file a response to this motion.

### A.  Rule 12(c) Standard

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by

looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B.      Sovereign Immunity Under Texas Tort Claims Act**

The TTCA "provides a limited waiver of sovereign and governmental immunity for certain tort claims, 'allowing suits to be brought against governmental units only in certain, narrowly defined circumstances.'" *Dorward v. Ramirez*, 2009 WL 2777880, at *13 (N.D. Tex. Aug. 28, 2009) (citing *Tex. Dep't of Crim. J. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). "The TTCA's waiver of immunity constitutes the 'only . . . avenue for common-law recovery against the government' on a tort theory." *Id.* (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)). Furthermore, TTCA's limited waiver of sovereign immunity expressly does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011).

Plaintiff's complaint alleges that after the Officers handcuffed him, they beat and tazed him several times, causing him to cough up blood and lose consciousness. (doc. 1 at ¶ 9.) The City's liability for any tort committed by the Officers is limited to the TTCA. Under Texas law, a person commits an assault by (1) intentionally, knowingly, or recklessly causing bodily injury to another; (2) intentionally or knowingly threatening another with imminent bodily injury; or (3) intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX. PEN. CODE. ANN. § 22.01 (West 2004). Texas courts have held that "[t]he fundamental difference between a negligence injury and an intentional injury is the specific intent to inflict injury." *Bridges v. Robinson*, 20 S.W.3d 104, 114 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (citing *Reed Tool Co. v. Copelin*,

- 4 -

689 S.W.2d 404, 406 (Tex. 1985).

Plaintiff has alleged that the Officers intentionally beat and tazed him after he was handcuffed.  The TTCA's limited waiver of sovereign immunity does not apply to intentional torts. *See City of Waco v. Williams*, 209 S.W.2d 216, 220-24 (Tex. App.–Waco 2006), pet. denied) (holding that the plaintiff's claim that the arresting officers repeatedly tazed the decedent as he lay helpless on the ground pled an intentional tort); *Swiat v. City of Fort Worth, Texas*, 2011 WL 2559637, *5 (N.D. Tex. June 28, 2011) (the City had sovereign immunity under the TTCA where the plaintiff alleged that the police officers punched, kicked, and tazed him, because the officers should have reasonably believed that he would regard this as offensive physical contact).  The City is immune from state law tort claims under both the TTCA and state common law, and its motion to dismiss these claims against it should be granted.

## IV.  RECOMMENDATION

The motion to dismiss (doc. 46) should be **GRANTED**, and Plaintiff's tort claims under the TTCA and state common law against the City should be dismissed.

**SO RECOMMENDED on this 6th day of August, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE